**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **LEON BUNLEY,**<br>*on behalf of himself and all others similarly situated,*<br><br>Named Plaintiff,<br><br>v.<br><br>**KNOWLTON DEVELOPMENT CORPORATION, INC.,** a.k.a. **KNOWLTON DEVELOPMENT COMPANY,** a.k.a. **KDC/ONE** and **KDC US HOLDINGS INC.,**<br>*jointly and severally,*<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.<br><br>Hon.<br><br>**JURY DEMAND ENDORSED HEREON** |

**PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW**

Now comes Named Plaintiff Leon Bunley ("Named Plaintiff"), an individual residing at 971 Atlantic Ave., Apt. 659, Columbus, Ohio 43229, by and through undersigned counsel, *individually and on behalf of all others similarly situated*, with his Collective and Class Action Complaint against Defendant Knowlton Development Corporation Inc., a.k.a. Knowlton Development Company, a.k.a. KDC/One ("kdc/one"), with its principal place of business located at 250 Pehle Ave., Suite 1000, Saddle Brook, New Jersey 07663, and Defendant KDC US Holdings Inc. ("KDC Holdings"), with its principal place of business located at 250 Pehle Ave., Suite 1000, Saddle Brook, New Jersey 07663, (collectively "Defendants") for Defendants' willful failure to pay Named Plaintiff and other similarly situated employees overtime wages as well as their willful failure to comply with all other requirements of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Ohio Minimum Fair Wages Standards

Act, Ohio Revised Code § 4111.03 ("Ohio Wage Act"). The FLSA claim is brought as a collective action pursuant to 29 U.S.C. § 216(b), and the Ohio Wage Act claims are brought as a class action pursuant to Federal Rule of Civil Procedure 23. The following allegations are based on personal knowledge as to Named Plaintiff's own conduct and are made on information and belief as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

## I. INTRODUCTION

1. The FLSA is a broadly remedial and humanitarian statute designed to correct "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers[,]" 29 U.S.C. § 202(a), as well as "to protect all covered workers from substandard wages and oppressive working hours." *Barrentine v. Ark Best Freight Sys. Inc.*, 450 U.S. 728, 739 (1981). The FLSA requires companies such as Defendants to pay all non-exempt employees at least one-and-one-half times (1.5x) their regular rate of pay for all hours worked in excess of forty (40) hours each workweek. 29 U.S.C. § 207. The Ohio Wage Act further requires Defendants to pay all wages, including overtime, to their hourly, non-exempt employees. *See* O.R.C. § 4111.03.

2. Named Plaintiff brings this Collective and Class Action Complaint to challenge the policies and practices of Defendants that violate the FLSA, 29 U.S.C. §§ 201–19, and the OPPA, O.R.C. § 4113.15, in order to recover unpaid wages and other damages from Defendants.

3. As to Count I, Named Plaintiff seeks to prosecute FLSA claims pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer . . . by any one or more employees for and in behalf of

himself or themselves and other employees similarly situated" (hereinafter the "FLSA Collective," as defined below).

4. As to Count II, Named Plaintiff also brings this case as a class action under Federal Rule of Civil Procedure 23 on behalf of himself and other members of a class of persons who assert claims under the Ohio Wage Act (hereinafter the "State Law Class," as defined below).

5. Named Plaintiff, the FLSA Collective, and the State Law Class now seek to exercise their rights to unpaid overtime wages and additional statutory liquidated damages in this matter (as applicable), other penalties, prejudgment and post-judgment interest (as applicable), costs and attorneys' fees incurred in prosecuting this action, the employer's share of relevant taxes, and such further relief as the Court deems equitable and just as a result of Defendants' companywide unlawful pay policies/practices as more fully described below.

## II. <u>JURISDICTION AND VENUE</u>

6. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the FLSA. *See* 29 U.S.C. § 216(b).

7. This Court also has supplemental jurisdiction over the Ohio Wage Act claims because these claims arise from a common nucleus of operative facts and form part of the same case or controversy. See 28 U.S.C. § 1367.

8. This Court has general personal jurisdiction over Defendant KDC Holdings because Defendant maintains its principal place of business in Saddle Brook, New Jersey, within this judicial district, and is registered to transact business in the State of New Jersey.

9. This Court has general personal jurisdiction over Defendant kdc/one because Defendant maintains its principal place of business in Saddle Brook, New Jersey, within this judicial district, and is registered to transact business in the State of New Jersey.

10. Alternatively, this Court has specific personal jurisdiction over Defendants because, upon information and belief, Defendants maintain centralized management and operational functions in New Jersey, through which they direct, oversee, and implement employment policies and practices affecting Named Plaintiff and similarly situated employees, including policies and practices governing employee compensation, timekeeping, the recording of hours worked, compensation for work performed before, during and after scheduled shifts, and payroll. The claims asserted herein arise out of or relate to Defendants' activities and decisions directed from New Jersey.

11. At all relevant times, Defendants jointly employed Named Plaintiff and all other similarly situated employees within the meaning of the FLSA, 29 U.S.C. § 203(d), exercised common control over the terms and conditions of their employment, including employment policies, supervision, scheduling, timekeeping and compensation for all hours worked.

12. At all relevant times, Defendants performed related activities through unified operations and/or common control for a common business purpose, constituting a single, integrated enterprise within the meaning of 29 U.S.C. § 203(r).

13. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to these claims emanated from Defendants' principal place of business located in Saddle Brook, New Jersey, which is this judicial district, and, upon information and belief, a substantial part of the events or omissions giving rise to Named Plaintiff's claims, including the development, implementation, and oversight of the challenged compensation policies and practices, occurred in or emanated from Defendants' corporate headquarters within this judicial district.

14. **PARTIES**

**A. Named Plaintiff**

15. Named Plaintiff is an individual, a citizen of the United States, and a resident of the State of Ohio.

16. During the three (3) years preceding the filing of this Complaint, Named Plaintiff has worked as an hourly, non-exempt employee for Defendants.

17. Named Plaintiff's Consent to Join Form is filed herewith, pursuant to 29 U.S.C. § 216(b), attached as **Exhibit A**, and is fully incorporated by reference herein.

**B. Defendants**

18. Defendant kdc/one is a for-profit corporation formed under the laws of Canada with its principal place of business and U.S. headquarters located in Saddlebrook, New Jersey, and is registered with the New Jersey Secretary of State to transact business in the State of New Jersey.

19. Defendant KDC Holdings is a for-profit corporation formed under the laws of the Commonwealth of Virginia with its principal place of business and corporate headquarters located in Saddlebrook, New Jersey, and is registered with the New Jersey Secretary of State to transact business in the State of New Jersey.

20. Defendants maintain a registered agent for service of process listed as Capitol Corporate Services Inc., 14 Scenic Drive, Dayton, New Jersey 08810.

21. Defendant KDC Holdings is a subsidiary of Defendant kdc/one. Upon information and belief, Defendants operate under common ownership, management, and control, with Defendant kdc/one exercising oversight and operational control over Defendant KDC Holdings and its business activities.

22. Upon information and belief, Defendant KDC Holdings operates as an integrated component of Defendant kdc/one's business operations. Defendants share common management and operational functions, including the establishment, administration, and implementation of employment policies and practices affecting Named Plaintiff and similarly situated employees, including policies governing employee scheduling, timekeeping, recording of hours worked, and compensation for work performed outside scheduled shifts.

23. Defendants are engaged in the business of providing custom formulation, packaging design, and manufacturing services, delivering integrated global end-to-end solutions for established and emerging brands.

24. At all times relevant, Defendants have been "employers" of Named Plaintiff and the FLSA Collective within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and have been employers of Named Plaintiff and the State Law Class within the meaning of the Ohio Wage Act .

25. Upon information and belief, Defendants conduct their business operations under the common name and branding of "kdc/one," including through the names of Knowlton Development Company Inc., Knowlton Development Corporation Inc. and operate their related business activities as a single, integrated enterprise.

26. Defendants employ many hundreds, if not thousands, of hourly, non-exempt employees, including Named Plaintiff, the FLSA Collective, and the State Law Class in furtherance of their business purposes and operate multiple facilities, including, but not limited to operating facilities throughout Ohio, California, Texas, New Jersey, Wisconsin, New York, and Missouri.

27. During the relevant time period preceding the filing of this Complaint, it is estimated that there are in excess of several hundred, if not thousands of, employees who are similarly situated to Named Plaintiff.

28. Upon information and belief, Defendants maintained and implemented common policies and procedures governing employee work schedules, timekeeping practices, the recording of hours worked, calculation of wages, payment of compensation, and compensation for work performed outside employees' scheduled shifts.

29. At all times relevant, Defendants have been an enterprise within the meaning of 29 U.S.C. § 203(r), performing related activities through unified operations and/or common control for a common business purpose. Defendants' integrated business operations include the formulation, design, manufacturing, packaging, and delivery of products and services to customers throughout the United States and internationally.

30. At all times relevant, Defendants exercised direct or indirect control and authority over the essential terms and conditions of employment of Named Plaintiff, the FLSA Collective, and the State Law Class, including their working conditions, schedules, timekeeping practices, and compensation for all hours worked.

31. At all times relevant, Defendants possessed and exercised authority, either directly or indirectly, to hire and fire employees, supervise and control the work schedules and work conditions of employment, determine the rates and methods of compensation, and maintain employment, timekeeping, and payroll records of Named Plaintiff, the FLSA Collective, and the State Law Class.

32. At all relevant times, Defendants jointly established, maintained, implemented, and/or enforced the timekeeping and compensation policies and practices challenged in this action,

including those governing the recording and payment of compensable work performed outside scheduled shifts. Upon information and belief, Defendant knew or should have known that Named Plaintiff and similarly situated employees performed work for which they were not fully compensated.

33. At all times relevant, Defendants have been an enterprise engaged in commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1)(A)(i), and their employees handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person.

34. During the preceding three (3) years, Defendants have had annual gross volume of sales made or business done of at least $500,000 (exclusive of excise taxes at the retail level that are separately stated) pursuant to 29 U.S.C. § 203(s)(1)(A)(ii).

35. As alleged herein, Defendants have applied policies and/or practices pertaining to the payment of wages, including overtime and other compensation, and timekeeping uniformly to their hourly, non-exempt employees.

36. Defendants retain ultimate authority and operational control over significant aspects of the day-to-day functions of Defendants' facilities, including supervising and controlling work schedules and conditions of employment of Named Plaintiff, the FLSA Collective, and the State Law Class.

37. At all relevant times, Defendants have suffered or permitted Named Plaintiff and other similarly situated employees to work. The work that Named Plaintiff and other similarly situated employees performed was for Defendants' benefit.

38. At all times relevant, Defendants were fully aware of the fact that they were legally required to comply with federal wage and overtime laws.

## III. FACTS

39. Named Plaintiff was employed by Defendants as an hourly, non-exempt employee in the position of line lead from March 1, 2025 through July 1, 2025 at one of Defendants' facilities, located at 8825 Smith's Mill Rd. N, New Albany, Ohio 43054.

40. At all times relevant, Named Plaintiff has been an hourly, non-exempt employee.

41. In his position as an hourly, non-exempt worker, Named Plaintiff primarily performed job duties related to manufacturing process.

42. At all times relevant, Named Plaintiff, the FLSA Collective, and the State Law Class were also hourly, non-exempt employees entitled to overtime compensation at the rate of one-and-one-half times (1.5x) their regular rate of pay for the hours they worked in excess of forty (40) each workweek. 29 U.S.C. § 207.

43. At all times relevant, Named Plaintiff, the FLSA Collective, and the State Law Class have been non-exempt employees within the meaning of 29 U.S.C. § 203(e) and the OPPA.

44. At all times relevant, Named Plaintiff, the FLSA Collective, and the State Law Class have been employees engaged in commerce within the meaning of 29 U.S.C. § 207.

45. At all times relevant, Named Plaintiff, the FLSA Collective, and the State Law Class are entitled to timely paid overtime compensation at the rate of one-and-one-half times (1.5x) their regular rate of pay for the hours they worked in excess of forty (40) each workweek. 29 U.S.C. § 207.

46. Named Plaintiff, the FLSA Collective, and the State Law Class worked overtime hours during one or more workweek(s) during their employment with Defendants.

47. Like the other FLSA Collective and State Law Class members, Named Plaintiff worked more than forty (40) hours in one or more workweek(s). Defendants were aware that

Named Plaintiff, the FLSA Collective, and the State Law Class worked overtime hours, but Defendants did not fully and properly pay them in accordance with the minimum requirements of the FLSA and Ohio law for all of their compensable overtime hours worked due at the correct overtime rates as a result of the companywide policies/practices described below.

48. Defendants consistently, willfully, and intentionally failed to pay Named Plaintiff, the FLSA Collective, and the State Law Class for all hours, including overtime hours, worked at the statutory overtime rate required. 29 U.S.C. § 207.

**(Defendants' Failure to Pay for All Overtime Hours Worked)**

49. In addition, Named Plaintiff and other similarly situated production/manufacturing employees were not fully and properly paid for all overtime wages during their employment with Defendants because Defendants maintained a policy of rounding their employees' hours worked down in Defendants' favor, paying for the scheduled shifts instead of all hours worked, or otherwise reducing employees' total hours worked (hereinafter the "Time Rounding Policy").

50. In particular, Defendants require their hourly, non-exempt production/manufacturing employees to clock in and out each day using a centralized timekeeping system that records exactly when an employee clocks in and out each day to keep track of their work hours.

51. According to Defendants' employee handbook, employees may only clock in within seven (7) minutes before the "start" of the shift and within seven (7) minutes after the "end" of their shift.

52. After Named Plaintiff and other manufacturing/production workers clock in for the workday, they immediately begin performing pre-shift work, preparatory, and other job duties that are integral and indispensable to their production/manufacturing job duties.

53. Specifically, before their scheduled shift start time, Named Plaintiff and other similarly situated hourly production/manufacturing employees donned certain personal protective equipment/clothing such as a laboratory coat, safety glasses, and a hair net ("PPE"), proceeded to their work area to engage in a shift relief process with the previous shift's workers, and performed other pre-shift preparatory work that was integral and indispensable to their jobs.

54. Although Named Plaintiff and other similarly situated hourly production/manufacturing employees performed pre-shift work, they were not paid until the scheduled shift "start" time.

55. Named Plaintiff, the FLSA Collective, and State Law Class could also not leave their work areas until they were relieved by the incoming shift because they engage in a similar shift relief process, which caused them to work beyond the scheduled "end" time of their shifts.

56. Despite utilizing a timekeeping system that records the exact time when an employee clocks in/out each day, Defendants' non-neutral Time Rounding Policy failed to pay for all hours worked.

57. Defendants have applied their Time Rounding Policy to systematically round employees' compensable work time down in Defendants' favor. Defendants' Time Rounding Policy results, over a period of time, in a failure to compensate their employees for all of the time that they actually worked in violation of the FLSA.

58. Defendants' failure to compensate Named Plaintiff and other similarly situated production/manufacturing employees, as set forth above, has resulted in unpaid overtime.

59. Defendants' Time Rounding Policy, as alleged herein, has denied Named Plaintiff and those similarly situated production/manufacturing employees compensable overtime hours and compensation to which they were entitled because the Time Rounding Policy requires their

workers to clock in prior to the scheduled "start" of their shifts and they perform job duties that cause them to work beyond the scheduled "end" of their shifts, but the system rounds in Defendants' favor.

60. Defendants' policies described herein resulted in unpaid overtime for Named Plaintiff and other similarly situated hourly production/manufacturing employees.

61. Named Plaintiff's employment offer letter expressly identified his position as full-time and non-exempt.

62. During numerous workweeks between March 1, 2025 and July 1, 2025, Named Plaintiff worked at least forty (40) hours performing his regular job duties, exclusive of the additional uncompensated pre-shift and post-shift work alleged herein.

63. In workweeks in which Named Plaintiff otherwise worked at least forty (40) hours, he also performed uncompensated pre-shift work, including donning required PPE and participating in shift relief, and/or uncompensated post-shift work while awaiting relief by the incoming shift, causing his total compensable hours worked to exceed forty (40) in those workweeks.

64. Despite performing that additional work during workweeks exceeding forty (40) hours, Named Plaintiff was not paid overtime compensation for all hours actually worked as a result of Defendants' Time Rounding Policy and practice of paying only for scheduled shift time.

65. Named Plaintiff does not presently possess paystubs or complete timekeeping and payroll records sufficient to identify the specific dates, recorded hours, and compensation for each such workweek. The relevant timekeeping, payroll, and scheduling records are in Defendants' possession, custody, or control, and will permit further identification and quantification of the unpaid overtime through discovery.

66. During relevant times, Defendants have known of and acted willfully regarding their conduct described herein. Defendants knew or had reason to know that Named Plaintiff and others similarly situated worked overtime without compensation for all overtime hours worked as described herein.

67. The FLSA and state law, including Ohio law, require Defendants to maintain accurate and complete records of employees' time worked and amounts earned and paid. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; O.R.C §§ 4111.08, 4111.14(F); and Ohio Const. Art. II, § 34a.

68. For example, the FLSA requires employers to make and keep payroll records showing information and data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime compensation is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period, and date of payment and pay period covered by the payment. *See* 29 C.F.R. § 516.2.

69. Defendants kept records of hours worked or otherwise had the ability to accurately track hours worked through Defendants' hardware, software, and/or systems, by Named Plaintiff and other similarly situated hourly production/manufacturing employees.

70. However, because of Defendants' policies and practices described herein, Defendants failed to accurately track, keep, or transmit the hours worked each day by Named Plaintiff and other similarly situated hourly production/manufacturing employees.

71. Defendants willfully and intentionally transmitted inaccurate and/or incomplete records to payroll for compensation purposes. Defendants' failure to pay overtime at the correct

rate and pay all overtime hours worked because of the Time Rounding Policy had the direct effect of reducing Defendants' labor costs to the detriment of Named Plaintiff and other similarly situated hourly production/manufacturing employees.

72. Defendants willfully and intentionally did not correctly record and pay all hours worked in violation of the FLSA and violated the FLSA's recordkeeping requirements.

73. Upon information and belief, Defendants have applied these same policies to all of their hourly, non-exempt production/manufacturing employees.

74. As a result of Defendants' companywide policy and/or practice of rounding their employees' hours worked consistently to their detriment, Defendants knew or had reason to know that they were not compensating Named Plaintiff and other similarly situated production/manufacturing employees for all hours worked.

75. The above payroll practices resulted in knowing and willful overtime violations of the FLSA, 29 U.S.C. §§ 201–219, and resulted in the unlawful deprivation of wages of Defendants to the detriment of Defendants' employees, including Named Plaintiff, the FLSA Collective, and the State Law Class.

## IV. JOINT EMPLOYMENT ALLEGATIONS

76. At all relevant times, Defendants were, at a minimum, joint employers of Plaintiff and other similarly situated employees.

77. At all relevant times, Defendants managed the day-to-day supervision and direction of Named Plaintiff and their hourly, non-exempt production/manufacturing employees.

78. At all relevant times, Defendants' corporate policies and procedures guided and mandated Named Plaintiff and their hourly, non-exempt production/manufacturing employees' jobs.

79. At all relevant times, Defendants maintained the Named Plaintiff and their hourly, non-exempt production/manufacturing employees' employment records.

80. The unlawful conduct at issue in this case arises from Defendants' corporate policies for their hourly, non-exempt production/manufacturing employees.

## V. COMMON ENTERPRISE ALLEGATIONS

81. Two or more businesses or companies are considered a single enterprise if they (1) perform related activities; (2) under unified operations or common control; and (3) for a common business purpose. *See Brennan v. Arnheim & Neely, Inc.*, 410 U.S. 512, 518 (1973); *Brock v. Best Western Sundown Motel, Inc.*, 883 F.2d 51, 52 ( 8th Cir.1989); *Donovan v. Weber*, 723 F.2d 1388, 1391 (8th Cir.1984).

82. As discussed herein, Defendants were engaged in a common enterprise relative to the operations and employment of Named Plaintiff and their hourly, non-exempt production/manufacturing employees.

83. Defendants were engaged in the aforementioned business for the joint purpose of providing "integrated global end-to-end solutions" for established and emerging brands, including the formulation, design, packaging, and manufacturing of beauty, personal care, and home care products.

84. As discussed herein, Defendants operated in the same or similar manner, under a common name, and through unified or common control. Defendants advertised and held themselves out collectively as "kdc/one," which represents that its "global infrastructure and integrated supply chain" enable it to develop and deliver products to customers worldwide.

85. Further, Defendants maintained and operated an integrated business enterprise through a shared network of manufacturing facilities, research and development centers, and

innovation hubs. Indeed, kdc/one represents that its manufacturing platform includes facilities across North America, Europe, Asia, and Latin America, through which it delivers solutions to its global customers.

## VI. COLLECTIVE AND CLASS ACTION ALLEGATIONS

### A. FLSA Collective Action for Unpaid Overtime Wages

86. Named Plaintiff brings Count I of this action on behalf of himself and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendants' unlawful conduct as described herein.

87. The "FLSA Collective" to whom Named Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, of which Named Plaintiff himself is a member, is composed of and defined as follows:

> **All of Defendants' current and former hourly production/manufacturing employees who were paid for 40 or more hours during one or more workweek(s) and who were subject to Defendants' Time Rounding Policy, beginning three (3) years preceding the filing of this Complaint and continuing through the final disposition of this case ("FLSA Collective" or "FLSA Collective Members").**

88. Such persons are "similarly situated" with respect to Defendants' FLSA overtime violations in that all were non-exempt employees of Defendants, all were subjected to and injured by Defendants' unlawful practice of failing to pay overtime compensation, and all have the same claims against Defendants for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

89. Named Plaintiff and the members of the FLSA Collective, having willfully not been paid at least the federal overtime wage for the overtime hours they worked for Defendants pursuant

to the common policies described herein, are "similarly situated" as that term is used in 29 U.S.C. § 216(b) and the associated decisional law. *See* 29 U.S.C. § 207.

90. Named Plaintiff and the members of the FLSA Collective have been similarly affected by the FLSA overtime violations in one or more workweek(s) during the relevant time period, which amount to a single decision, policy, or plan to willfully avoid paying all owed federal overtime wages.

91. Named Plaintiff and the members of the FLSA Collective have been damaged by Defendants' willful refusal to pay at least the federal overtime wage for all overtime hours worked. As a result of Defendants' willful FLSA violations, Named Plaintiff and the members of the FLSA Collective are similarly situated to each other in that they are all entitled to damages, including but not limited to unpaid wages, liquidated damages, costs, and attorneys' fees.

92. Throughout his employment with Defendants, Named Plaintiff was subjected to the same timekeeping and payroll policies and practices by Defendants that led to less overtime wages paid than overtime hours worked as were other members of the FLSA Collective.

93. Named Plaintiff is similarly situated to the members of the FLSA Collective and will prosecute this action vigorously on their behalf as well as his own.

94. This action is brought pursuant to 29 U.S.C. § 216(b) of the FLSA and seeks unpaid overtime compensation, liquidated damages, attorneys' fees, and costs. In addition to Named Plaintiff, numerous current and former non-exempt employees are similarly situated regarding their wages and claims for unpaid wages and damages. Named Plaintiff is representative of those other employees and is acting on behalf of their interests, as well as his own, in bringing this action.

95. Issuing notice to the FLSA Collective pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and allowing them to "opt in" to the same.

96. Named Plaintiff is entitled to send notice to all potential members of the FLSA Collective pursuant to Section 216(b) of the FLSA. Identification of potential members of the FLSA Collective is readily available from the timekeeping and compensation records, including timekeeping and payroll data, maintained by Defendants. For the purposes of notice and other things related to this action, the FLSA Collective's names, mailing addresses, email addresses, and phone numbers are readily available from Defendants. Notice can be provided by means permissible under the FLSA and decisional law.

97. Court-supervised notice pursuant to 29 U.S.C. § 216(b) to potential members of the FLSA Collective is appropriate because they have been subjected to the common business practices referenced in the paragraphs above, and the success of their claims depends upon the resolution of common issues of law and fact, including, *inter alia*, whether Defendants satisfied the FLSA's requirements for payment of statutory overtime wages.

98. Immediate, prompt notice of this matter to similarly situated persons pursuant to 29 U.S.C. § 216(b)—by Court order—is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and allowing them to "opt in" to the same.

99. These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees, and costs.

100. The precise size and identity of the group of potential members of the FLSA Collective are readily ascertainable from the payroll records, timekeeping records, and/or employee and personnel records of Defendants that they was required to maintain pursuant to the FLSA. Named Plaintiff cannot yet state the exact number of similarly situated persons but avers, upon information and belief, that the group of potential members of the FLSA Collective consists of approximately several hundred or more persons.

**B. Federal Rule of Civil Procedure 23 Class Action for Unpaid Wages**

101. Named Plaintiff brings Count II under Federal Rule of Civil Procedure 23 as a class action on behalf of himself and all other members of the State Law Class, defined as:

> **All of Defendants' current and former hourly production/manufacturing employees who were paid for 40 or more hours during one or more workweek(s) and who were subject to Defendants' Time Rounding Policy, beginning two (2) years preceding the filing of this Complaint and continuing through the final disposition of this case (the "State Law Class").**

102. The State Law Class, as defined above, is so numerous that joinder of all members is impracticable. Named Plaintiff cannot yet state the exact number of class members but avers, upon information and belief, that the State Law Class consists of several hundred or more persons. The number of class members, as well as their identities, is ascertainable from the payroll and personnel records that Defendants maintained, and were required to maintain, pursuant to the FLSA. *See* 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7.

103. Named Plaintiff is a member of the State Law Class, and his claims for unpaid wages are typical of the claims of other members of the State Law Class.

104. Named Plaintiff will fairly and adequately represent the State Law Class and the interests of all members of the State Law Class.

105. Named Plaintiff has no interests that are antagonistic to or in conflict with those interests of the State Law Class that he has undertaken to represent.

106. Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the State Law Class. Named Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and is fully qualified to prosecute the claims of the State Law Class in this case.

107. Questions of law and fact are common to the State Law Class and predominate over any questions affecting only individual members. The questions of law and fact common to the State Law Class arising from Defendants' conduct include, without limitation:

(a) whether Defendants violated the Ohio Wage Act by failing to timely and properly pay the State Law Class for all wages, including overtime wages, earned because of the violation(s) described herein;

(b) what amount of unpaid and/or withheld compensation is due to Named Plaintiff and the State Law Class on account of Defendants' violations of the Ohio Wage Act ;

(c) whether the unpaid and/or withheld compensation remains unpaid in violation of the Ohio Wage Act ;

(d) what amount of prejudgment interest, liquidated damages, and/or other monetary relief afforded by the Ohio Wage Act is due to Named Plaintiff and the State Law Class on the overtime compensation, as applicable, or other entitled compensation that was withheld or not timely paid to them.

108. Class certification is appropriate under Rule 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants with respect to the non-exempt employees comprised by the State Law Class.

109. Class certification is appropriate under Rule 23(b)(2) because Defendants acted or refused to act on grounds generally applicable to the State Law Class, making class relief appropriate with respect to Named Plaintiff and the State Law Class.

110. Class certification is appropriate under Rule 23(b)(3) because the questions of law and fact common to the State Law Class predominate over questions affecting individual members of the State Law Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

111. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's and members of the State Law Class's claims and will prevent undue financial, administrative, and procedural burdens on the parties and the Court. Requiring the State Law Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many State Law Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Rule 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

112. Named Plaintiff and counsel are not aware of any interfering pending litigation on behalf of the State Law Class as defined herein.

## VII. CAUSES OF ACTION

### COUNT I
### (29 U.S.C. § 207 – FLSA COLLECTIVE ACTION FOR UNPAID OVERTIME COMPENSATION)

113. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

114. This claim is brought as a collective action by Named Plaintiff on behalf of himself and other members of the FLSA Collective against Defendants, which is comprised of individuals who may join this case pursuant to 29 U.S.C. § 216(b).

115. The FLSA requires that non-exempt employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay. 29 U.S.C. § 207(a)(1).

116. During the three (3) years preceding the filing of this Complaint, Defendants employed Named Plaintiff and the FLSA Collective.

117. Named Plaintiff and the FLSA Collective were paid as non-exempt employees.

118. During the three (3) years preceding the filing of this Complaint, Named Plaintiff and the FLSA Collective worked more than forty (40) hours in one or more workweek(s), but they were not fully paid for all overtime compensation as a result of one or more of Defendants' policies and/or practices as alleged above.

119. Defendants violated the FLSA with respect to Named Plaintiff and the FLSA Collective by failing to pay overtime for all hours worked over forty (40) hours in a workweek at one-and-one-half times (1.5x) their regular rates of pay because of Defendants' companywide policies and/or practices described herein.

120. Defendants knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendants willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the FLSA Collective are entitled.

121. The exact total amount of overtime compensation that Defendants have failed to pay Named Plaintiff and the FLSA Collective is unknown at this time, as many of the records necessary to make such precise calculations are believed to be in Defendants' possession.

122. Defendants knowingly, willfully, and/or in reckless disregard carried out an illegal pattern and practice of failing to pay Named Plaintiff and the FLSA Collective overtime compensation. Defendants' deliberate failure to pay overtime compensation to Named Plaintiff and the FLSA Collective was neither reasonable nor in good faith. By engaging in these practices, Defendants willfully violated the FLSA and regulations thereunder that have the force of law.

123. As a result of Defendants' willful violations of the FLSA, Named Plaintiff and the FLSA Collective were injured in that they did not receive all wages due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles Named Plaintiff and the FLSA Collective to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) further provides that "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

**COUNT II**
**(O.R.C. § 4111.03 – RULE 23 CLASS ACTION FOR OHIO WAGE ACT VIOLATION)**

124. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

125. Named Plaintiff brings this claim on behalf of himself and the State Law Class who were not timely paid overtime because of Defendants' pay policies and/or practices alleged above in violation of the Ohio Wage Act.

126. At all times relevant, Defendants were entities covered by the Ohio Wage Act, and Named Plaintiff and State Law Class have been employed by Defendants within the meaning of the Ohio Wage Act.

127. The Ohio Wage Act requires that employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in one workweek "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1938." *See* O.R.C. § 4111.03(A).

128. Named Plaintiff and the State Law Members worked more than the maximum weekly hours permitted under the Ohio Wage Act but were not paid overtime for all hours worked over 40 in a workweek.

129. Named Plaintiff and the State Law Class Members were not exempt from the wage protections of the Ohio Wage Act.

130. Defendants' repeated and knowing failures to pay overtime wages to Named Plaintiff and the State Law Class Members violated the Ohio Wage Act, and, as such, Defendants willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the State Law Class Members were entitled.

131. For Defendants' violations of the Ohio Wage Act, by which Named Plaintiff and the State Law Class Members have suffered and continue to suffer damages, Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest, and attorneys' fees, and all other remedies available on behalf of himself and the State Law Class Members.

## VIII. <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Named Plaintiff respectfully prays that this Honorable Court:

A. Promptly order Defendants to provide all relevant policies and procedures regarding timekeeping and compensation as well as all payroll, remuneration, timekeeping, and related records necessary to determine similarly situated individuals;

B. Promptly order Defendants to provide all contact information, including but not limited to names, dates of employment, mailing addresses, telephone numbers, and email addresses of the FLSA Collective;

C. Issue Court-approved notice to similarly situated persons, informing them of this action and their ability to opt in and become part of the FLSA Collective, as well as enabling them to join;

D. Toll the statute of limitations for all members of the FLSA Collective from the date on which this matter was initially filed until the date on which they file consents to join;

E. Certify this case as a class action pursuant to Rule 23 on behalf of Named Plaintiff and other members of the State Law Class and appoint counsel of record as class counsel;

F. Find that Defendants' wage and hour policies and/or practices, as alleged herein violate the FLSA and Ohio law;

G. Enter judgment against Defendants for damages for all unpaid overtime compensation owed to Named Plaintiff and the FLSA Collective during the applicable statutory period under the FLSA and continuing through trial;

H. Enter judgment against Defendants for damages for all unpaid compensation owed to Named Plaintiff and the State Law Class during the applicable statutory period and continuing through trial;

I. Enter judgment against Defendants for liquidated damages pursuant to the FLSA in an amount equal to all unpaid overtime compensation owed to Named Plaintiff and the FLSA Collective during the applicable statutory period under the FLSA and continuing through trial;

J. Award to Named Plaintiff, the FLSA Collective, and the State Law Class unpaid overtime compensation as to be determined at trial, together with any liquidated damages allowed by the Ohio Wage Act as to the State Law Class;

K. Award to Named Plaintiff, the FLSA Collective, and State Law Class prejudgment interest, post-judgment interest, and an award of damages representing Defendants' employers' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

L. Award to Named Plaintiff a service award for his efforts in remedying various pay policies/practices as outlined above;

M. Award to Named Plaintiff, the FLSA Collective, and the State Law Class attorneys' fees required for prosecution of this action, expert fees, and reimbursement of all costs and expenses;

N. Grant Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery;

O. Declare judgment for all civil penalties to which Named Plaintiff and all other similarly situated employees may be entitled; and

P. Award such other and further relief as this Court may deem equitable, necessary, just, or proper.

Dated: November 18, 2026

Respectfully submitted,

*/s/ Achchana Ranasinghe*________
Achchana Ranasinghe (087282014)
**BROWN, LLC**
111 Town Square Place, Suite 400
Jersey City, NJ 07310
(877) 561-0000
ac@jtblawgroup.com

Daniel I. Bryant (OH Bar No. 0090859)*
**BRYANT LEGAL, LLC**
4400 N. High St., Suite 310
Columbus, Ohio 43214
(614) 704-0546
dbryant@bryantlegalllc.com

Esther E. Bryant (OH Bar No. 0096629)*
**BRYANT LEGAL, LLC**
3131 Executive Parkway, Suite 106
Toledo, Ohio 43606
(419) 824-4439
ebryant@bryantlegalllc.com

Kathryn E. Milz (ARDC 6297213)*
**SOMMERS SCHWARTZ, P.C.**
One Towne Square, 17th Floor
Southfield, Michigan 48076
(248) 355-0300
kmilz@sommerspc.com

*Attorneys for Named Plaintiff and other members of the proposed FLSA Collective and proposed Rule 23 class*

**JURY DEMAND**

Named Plaintiff hereby demands a trial by jury on all issues so triable.

*/s/ Achchana Ranasinghe*_______
Achchana Ranasinghe (087282014)
**BROWN, LLC**